MEMORANDUM **
Claimant Mark R. Johnson appeals from an adverse judgment on his claim for social security disability benefits. On de novo review, Edlund v. Massanari, 253 F.3d 1152,1156 (9th Cir.2001), we affirm.
1. The administrative law judge (“ALJ”) identified and considered all of Claimant’s severe impairments: osteoarthritis of the knees, depressive disorder, borderline intellectual functioning, personality disorder, social phobia, and substance addiction disorder. The ALJ properly rejected the argument that Claimant’s headaches were a severe impairment, because (among other evidence) Claimant sought treatment only once for a headache between 1994 and 1999, see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.2005), and Zomig provided rapid relief for Claimant’s headaches at the time of the hearing. The ALJ properly declined to find that Claimant’s orthopedic problems constituted a severe impairment because the record contains no medical evidence so suggesting.
2. The ALJ properly rejected medical opinions that were remote in time, relying more heavily on more recent opinions. The ALJ also properly rejected a nurse practitioner’s opinion, in favor of a physician’s opinion, because the nurse practitioner was not an acceptable medical source, and there is no evidence that he worked with a physician. See Gomez v. Chater, 74 F.3d 967, 971 (9th Cir.1996) (holding that a treating nurse practitioner is an acceptable medical source only if he or she works closely with a physician).
3. The ALJ properly considered and incorporated lay witness statements made by Claimant’s girlfriend. Contrary to Claimant’s argument, the ALJ credited (and did not reject) his girlfriend’s statements, which were largely consistent with the medical reports and other evidence.
4. The ALJ permissibly found that Claimant was not entirely credible. Substantial evidence in support of that finding included Claimant’s ability to perform many activities of daily living, see Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.1998), including riding a bicycle, caring for a young child by himself, using public transportation, going for walks, gardening regularly, grocery shopping weekly, mowing the lawn regularly, helping with other *546 housework, assisting in painting a house, and doing some auto mechanic work.
5. The ALJ did not err in findings with respect to Claimant’s residual functional capacity. The ALJ undertook the required analysis by considering the combined effects of impairments, including non-severe ones. The residual functional capacity determination included limitations associated with all impairments, severe and non-severe. The ALJ permissibly discounted those limitations that depended on Claimant’s subjective complaints, which lacked credibility. Bayliss v. Barnhart, 427 F.3d 1211,1217 (9th Cir.2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.